FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 06, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHELLE H., | No. 1:25-CV-03205-SAB |
| Plaintiff, | |
| v. | **ORDER REVERSING THE** |
| COMMISSIONER OF SOCIAL | **DECISION OF COMMISSIONER** |
| SECURITY ADMINISTRATION, | |
| Defendant. | |

Plaintiff brings this action seeking juridical review of the Commissioner of Social Security's final decision, denying her application for social security benefits. Plaintiff is represented by D. James Tree. The Commissioner is represented by L. Jamala Edwards and Joseph Derrig. Pending before the Court is Plaintiff's Opening Brief, ECF No. 11, and the Commissioner's Brief, ECF No. 12.

After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court reverses the Commissioner's decision and remands for an immediate award of benefits.

**I.    Jurisdiction**

On October 24, 2018, Plaintiff filed an application for supplemental security income, alleging disability beginning July 27, 2017. Plaintiff's application was denied initially and on reconsideration. Plaintiff requested a hearing and on May

**ORDER REVERSING THE DECISION OF COMMISSIONER ~ 1**

21, 2020, a telephonic hearing was held. The ALJ found that Plaintiff was not disabled and Plaintiff appealed that decision. While the decision was pending on appeal, Plaintiff filed a subsequent application, and she was found disabled as of January 18, 2021. Her appeal was successful, and the case was remanded on July 12, 2022.

Another hearing was held on January 9, 2024. The ALJ determined the relevant period of adjudication was from October 24, 2018 to January 17, 2021. The ALJ issued an unfavorable decision on February 14, 2024. Plaintiff appealed that decision and the district court remanded.

A hearing was held on July 3, 2025. Plaintiff participated and was represented by Robert Tree. The ALJ found Plaintiff was not disabled from October 24, 2018, through January 17, 2021.

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on November 20, 2025. ECF No. 1. The matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II.    Five-Step Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 2

**Step One**: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering to the fourth step, the ALJ must first determine the claimant's residual functional capacity. An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The residual functional capacity is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 3

they have performed in the past? 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national economy in view of their age, education, and work experience? 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

### III.    Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 4

supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quotation omitted). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

## IV.  Statement of Facts

The facts have been presented in the administrative record, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized herein.

At the 2025 hearing, Plaintiff testified that she earned her high school diploma and attended two years of college. She explained that she used alcohol to mask her mental health symptoms, but she became sober in 2018. She lives alone in her apartment. She testified that she stays home a lot because it is hard to get her walker down the stairs. She testified she experiences lots of pain and has trouble focusing. While testifying, Plaintiff lost her train of thought numerous times.

## V.  The ALJ's Findings

The ALJ issued an opinion affirming denial of benefits. AR 2187-2205.

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since October 24, 2018, the alleged amended onset date. AR 2191.

At step two, the ALJ identified the following severe impairments: cervical and lumbar degenerative disc disease; bilateral knee osteoarthritis; COPD; obesity; depressive/bipolar disorder; anxiety disorder; attention deficit hyperactivity disorder (ADHD); personality disorder; and PTSD. AR 2191.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. AR 2192. Ultimately, the ALJ concluded that Plaintiff has a

**ORDER REVERSING THE DECISION OF COMMISSIONER ~ 5**

residual function capacity ("RFC") to perform:

> light work as defined in 20 CFR 416.967(b) except she could occasionally climb ramps and stairs, and could not climb ladders, ropes, or scaffolds. She could occasionally balance, stoop, and crouch. She could frequently kneel and crawl. She could perform frequent bilateral reaching and frequent bilateral handling and fingering. She could frequently push and/or pull with the left lower extremity. She had to avoid concentrated exposure to extreme vibration. She could understand, remember, and perform simple, routine tasks with simple, superficial cooperation with coworkers. She could work in job with occasional, routine workplace changes.

AR 2194.

At step four, the ALJ found Plaintiff did not have past relevant work. AR 2204.

The ALJ found there were other jobs that existed in significant numbers in the national economy that Plaintiff could also perform, including housekeeper, Cleaner; small products assembler; and sales attendant. AR 2205. Consequently, the ALJ found that Plaintiff was not disabled from October 24, 2018 through January 17, 2021.

## VI. Issues

1. Whether the ALJ properly evaluated Plaintiff's symptom testimony?

2. Whether the ALJ properly revaluated the medical opinions?

## VII. Discussion

### 1. Plaintiff's symptom testimony

Plaintiff argues the ALJ erred in discounting her subjective symptoms. In determining whether a claimant's testimony regarding subjective pain or symptoms is credible, the ALJ engages in a two-step analysis. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id*. (citation and quotation omitted). If the claimant satisfies the first step of the

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 6

analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of their symptoms "only by offering specific, clear and convincing reasons for doing so." *Id*. (citation and quotation omitted). "This is not an easy requirement to meet: The clear and convincing standard is the most demanding required in Social Security cases." *Id*. (citation and quotation omitted). That said, if the ALJ's credibility finding is supported by substantial evidence in the record, the Court may not engage in second-guessing. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

The ALJ found Plaintiff's medically determinable impairments could reasonably have caused her alleged symptoms, but her statements concerning the intensity, persistence, and limiting effects of the symptoms are not entirely consistent with the medical evidence and other evidence in the record.

The ALJ failed to provide clear and convincing reasons for rejecting Plaintiff's symptom testimony. While the ALJ rejected Plaintiff's testimony for normal affect, speech and through process, this finding is inconsistent with an additional finding by the ALJ that the record demonstrated abnormalities, such as anxious affect, labile mood, racing or tangential thought processes, rapid speech, irritability and/or poor concentration. Although the ALJ found Plaintiff had a "generally unremarkable presentation," this is not a clear and convincing reason to reject her testimony because the record is replete with evidence of Plaintiff presenting as labile, tearful, angry, moody, distracted, anxious, depressed, emotional, agitated, unkempt, fidgety, with racing thoughts, ruminations, preoccupations, and obsessions. The "normal findings" noted by the ALJ are not representative of the record as a whole. The record does not show any period of sustained improvement, significant control of mental health symptoms even with treatment, or significant remission of symptoms with sobriety.

The ALJ's rejection of Plaintiff's testimony regarding her physical limitations is also not supported by the record. The ALJ's conclusion that Plaintiff

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 7

required only conservative treatment is not supported by the record. The ALJ's finding that most clinical findings were unremarkable is not supported by the record. The ALJ's reliance on Plaintiff's daily activities is not a clear and convincing reason for rejecting her symptom testimony, given that these daily activities do not translate to full-time work, and the activities are such that they are able to be accomplished and are consistent with the limitations testified to by Plaintiff.

The ALJ failed to provide clear and convincing reasons for rejecting Plaintiff's symptom testimony. As such, the ALJ's finding that Plaintiff is not credible is not supported by substantial evidence in the record.

**2.  Medical Opinion Evidence**

In evaluating medical opinion evidence, the ALJ must consider the persuasiveness of each medical opinion and prior administrative medical finding from medical sources. 20 C.F.R. § 416.920c(a) and (b). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). 20 C.F.R. § 416.920c(c)(1)-(5).

Supportability and consistency of an opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920c(b)(2). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

Supportability and consistency are further explained in the regulations:

(1) Supportability.
The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical

**ORDER REVERSING THE DECISION OF COMMISSIONER ~ 8**

opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) Consistency.
The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

*Id.*

The ALJ found certain medical opinions were unpersuasive because they relied on Plaintiff's subjective reports that were undermined by her ability to perform robust daily activities, were inconsistent with the longitudinal medical record and because they lacked sufficient supporting explanation. The ALJ's rejection of the medical opinions is not supported by substantial evidence in the record.

### a. Betty Borden, Ph.D

The ALJ found Dr. Borden's opinion somewhat persuasive. Dr. Borden found marked limitations in adapting/management herself because her rationale was too generalized to support marked limitations. Dr. Borden testified at the hearing and the ALJ failed to ask Dr. Borden to clarify her opinion. Moreover, as set forth above, the ALJ failed to adequately consider Plaintiff's symptom testimony, and this testimony supports Dr. Borden's conclusion.

### b. Wint Wai, M.D.

The ALJ found Dr. Wai's opinion not supported. This was in error. Dr. Wai's opinion provided a thorough explanation regarding Plaintiff's multilevel degenerative disc disease of the lumbar spine and osteoarthritic of the hip, as well as her mental health impairment. Dr. Wai's opinion is consistent and supported by the record.

//

//

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 9

### c. Steven Olmer, Ph.D

The ALJ rejected Dr. Olmer's opinion because it was issued the month prior to her application. This was in error. Dr. Olmer was assessing chronic mental health conditions and the record does not indicate there were any acute changes in her condition. Moreover, Dr. Olmer's opinion was consistent with and supported by the record.

### d. Daniel Cole, D.O.

The ALJ rejected Dr. Cole's opinion because it was provided in February 2021. Notably, Dr. Cole opined Plaintiff was unable to perform most basic work activities and could not do even sedentary work. The ALJ's rejection of Dr. Cole's opinion is in error. Dr. Cole's opinion of her disabling limitations based on impairments she has had throughout the time period in question is relevant to the ALJ's decision. There is nothing in the record indicating her conditions suddenly worsened in January 2021. Dr. Cole's opinion is consistent with and supported by the record.

### 3. Remand

Because there is no need to develop the record or convene further administrative proceedings, a remand for the immediate award of benefits is appropriate. *See Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014). If the ALJ properly credited Plaintiff's testimony and properly evaluated the medical opinions, it is clear Plaintiff has been disabled from October 24, 2018, through January 17, 2021. Despite multiple chances to correct its mistakes, the ALJ's decision still is not supported by substantial evidence and contains legal errors.

Accordingly, **IT IS HEREBY ORDERED:**

1.     For court management purposes, Plaintiff's Opening Brief, ECF No. 11, is **GRANTED**.

2.     For court management purposes, the Commissioner's Brief, ECF No. 12, is **DENIED**.

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 10

3.     The decision of the Commissioner is reversed and remanded for an immediate award of benefits.

4.     Judgment shall be entered in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 6th day of May 2026.



Stan Bastian
Chief United States District Judge

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 11